UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CARL ABERNATHEY,<br><br>    Defendant. | CASE NO. 2:23-CR-00050-LK<br><br>ORDER GRANTING UNOPPOSED EMERGENCY MOTION TO SUSPEND LOCATION MONITORING |

This matter comes before the Court on Defendant Carl Abernathey's Unopposed Emergency Motion for Order Modifying Supervised Release Conditions to Temporarily Suspend Location Monitoring. Dkt. No. 5. The Government does not oppose the motion and, as discussed in more detail below, the Probation Department recommends that the Court temporarily suspend location monitoring. *Id.* at 1–2.

In November 2022, Mr. Abernathey pleaded guilty to two counts of Interstate Communication of Threats. Dkt. Nos. 2-1; *see* 18 U.S.C. § 875(c). The United States District Court for the Eastern District of North Carolina sentenced him to time served and concurrent three-year terms of supervised release for both counts, with the first two years to include location monitoring.

ORDER GRANTING UNOPPOSED EMERGENCY MOTION TO SUSPEND LOCATION MONITORING - 1

Dkt. No. 2-2 at 3–4; Dkt. No. 2-3 at 1. Location monitoring was at some point modified to curfew monitoring. Dkt. No. 5 at 2. This Court accepted transfer of jurisdiction over Mr. Abernathey on April 4, 2023. Dkt. No. 1 at 1.

Mr. Abernathey's stepfather recently passed away and funeral services are expected to take place in South Dakota "very soon." Dkt. No. 5 at 1. The Probation Department granted Mr. Abernathey permission to travel to North and South Dakota to be with his family for those services. *Id.* at 1–2. Although he owns a residence in South Dakota, his mother lives two hours away in North Dakota. *Id.* at 2. And therein lies the issue. For the Probation Department to properly monitor Mr. Abernathey's curfew, he must either restrict himself to one of those addresses or, should he wish to travel to the other, provide the Probation Department with notice 24 hours in advance of the location change. *Id.* This limitation has proved "challenging" for Mr. Abernathey given the distance between his residence and that of his mother, especially amidst dealing with the family's recent tragedy. *Id.* The Probation Department therefore suggests that Mr. Abernathey's term of location monitoring be suspended pending his return to the Western District of Washington. *Id.* It observes that Mr. Abernathey "is a low[-]risk case with limited criminal history, has been in compliance and is dealing with a lot of stress right now." *Id.*

A district court has broad discretion to modify conditions of supervised release. *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). After considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the district court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]" 18 U.S.C. § 3583(e)(2). Thus, the only requirements for Section 3583(e)(2) modification are that the district court consider

the listed Section 3553(a) factors, follow the procedure outlined in Federal Rule of Criminal Procedure 32.1(c), and ensure that the modified conditions are consistent with the general requirements set forth in Section 3583(d). *See United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014); *United States v. Tolliver*, No. CR20-0109-JLR, 2023 WL 3738052, at *1 n.2 (W.D. Wash. May 31, 2023).

Having considered the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court concludes that Mr. Abernathey's conditions of supervised release should be temporarily modified to reflect a suspension of location monitoring pending his return to the Western District of Washington. As noted by the Probation Department, Mr. Abernathey has a limited criminal history and has been compliant with the terms of his supervised release thus far. The Court further acknowledges the unfortunate reason for his requested temporary modification. *See, e.g.*, *United States v. Mazur*, No. 2:22-CR-00003-MKD-1, 2023 WL 411429, at *1 (E.D. Wash. Jan. 25, 2023) (granting motion to modify conditions of release where defendant requested three days of travel outside of district to handle matters related to the sudden death of his brother).

The remaining statutory requirements for modification under Section 3583(e)(2) are also met. A district court must typically hold a hearing before modifying the conditions of supervised release. Fed. R. Crim P. 32.1(c)(1). However, a hearing is not required in this case because the relief sought is favorable to Mr. Abernathey and does not extend the term of his supervised release, and the Government's attorney received notice of the relief sought, had a reasonable opportunity to object, and has not done so. Fed. R. Crim. P. 32.1(c)(2)(B)–(C). Last, because the current modification request does not entail the addition of any terms to Mr. Abernathey's supervised release, Section 3583(d)'s requirements are inapplicable to the Court's analysis. *See Tolliver*, 2023 WL 3738052, at *1 n.2.

The Court therefore GRANTS Mr. Abernathey's motion and ORDERS as follows:

1. Mr. Abernathey's term of location monitoring is SUSPENDED pending his return to the Western District of Washington; provided, however, that Mr. Abernathey shall return to the District within a reasonable time after conclusion of his stepfather's funeral services;

2. Within 24 hours of his return to the Western District of Washington, Mr. Abernathey will resume location monitoring and any days that were suspended shall be added to the end of his original location monitoring termination date.

3. All other terms and conditions of Mr. Abernathey's supervised release not inconsistent herewith shall remain in full force and effect.

Dated this 28th day of June, 2023.

*Lauren King*

Lauren King
United States District Judge